IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,800-01






EX PARTE JESSE NUNEZ TORRES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11567-A IN THE 118
TH JUDICIAL DISTRICT COURT


FROM HOWARD COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced
to life imprisonment. On direct appeal, appellate counsel filed a brief in which he concluded that the appeal
was frivolous. See Anders v. California, 386 U.S. 738 (1967). Applicant did not file a pro se response
within the applicable time period. The Eleventh Court of Appeals independently reviewed the record, and
concluded that the appeal was indeed without merit. Torres v. State, No. 11-06-00156-CR (Tex. App. -
Eastland, February 15, 2007, no pet.)

 Applicant contends, inter alia, that he was denied a meaningful opportunity to appeal the
conviction, because he was not provided with a full trial record in order to prepare his pro se response to
appellate counsel's Anders brief. The habeas record indicates that although the voir dire proceedings
were designated to be included in the reporter's record, the transcription of voir dire was not included in
the record. Applicant twice requested extensions of time for filing his pro se response in order to obtain
the missing transcripts. The court of appeals granted one extension, but denied Applicant a second
extension. Applicant alleges that he was unable to file his pro se response without a complete record, and
argues that the court of appeals erred in deciding that there were no meritorious grounds for appeal on the
basis of an incomplete record. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the voir dire proceedings in this case were
recorded. If not, the trial court shall supplement the record with any portion of the record indicating why
the proceedings were not recorded. If voir dire was recorded, the trial court shall make findings as to
whether the proceedings were transcribed and made part of the reporter's record as requested in the
designation of matters to be included in the reporter's record. If the voir dire transcript was included in
the reporter's record but not provided to Applicant with the rest of the record, the trial court shall make
findings as to why Applicant did not receive this portion of the record. If the transcript of voir dire was
not prepared and included in the reporter's record, the trial court shall make findings as to whether
Applicant cited the incompleteness of the record in his request(s) for extensions of time in which to file his
pro se response. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: December 5, 2007

Do not publish